10-2708-ag
Ou v. Holder
BIA
Ferris, IJ
A096 401 483

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand eleven.

PRESENT:
>       JOSEPH M. MCLAUGHLIN,
>       GUIDO CALABRESI,
>       RICHARD C. WESLEY,
>
>               *Circuit Judges.*

_____

Wen Bin Ou,
>       *Petitioner,*

>       v.                                          10-2708-ag
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Dehai Zhang, Flushing, New York

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jennifer Williams, Senior
                       Litigation Counsel; Lance L. Jolley,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wen Bin Ou, a native and citizen of China, seeks review of a June 16, 2010, decision of the BIA affirming the July 30, 2008, decision of Immigration Judge ("IJ") Noel A. Ferris, which denied his application for relief under the Convention Against Torture ("CAT"). *In re Wen Bin Ou*, No. A096 401 483 (B.I.A. June 16, 2010), *aff'g* No. A096 401 483 (Immig. Ct. N.Y. City July 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

In this case, the IJ's adverse credibility determination was not supported by substantial evidence because the IJ relied solely on Ou's demeanor as evidence of his lack of credibility. Although we generally afford particular deference to the IJ's assessment of an applicant's demeanor, we have never held that a demeanor finding alone can constitute substantial evidence in support of an adverse credibility determination. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (noting that "[w]e can be . . . more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony"); *see also Ramsameachire v. Ashcroft*, 357 F.3d

3

169, 177-78 (2d Cir. 2004) ("Although credibility determinations are entitled to the same deference on review as other factual determinations, the fact that the BIA has relied primarily on credibility grounds . . . cannot insulate the decision from review."). Here, the IJ failed to pinpoint a single discrepancy, inconsistency, or omission to support the adverse credibility finding.

Remand, however, would be futile in this case and is not required because the agency's alternative finding - that Ou failed to meet his burden of proof for CAT relief - is supported by substantial evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006) (remand is futile where "it is clear that the agency would adhere to its prior decision in the absence of error").

The agency did not err in finding that Ou failed to establish his eligibility for CAT relief because he did not present any evidence indicating that it was more likely than not that he would be tortured either by, or with the acquiescence of, the Chinese government if he returned to China. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003). Ou failed to demonstrate that the Chinese government tortures repatriated Chinese who have attempted

4

to illegally emigrate, and failed to offer a single piece of evidence showing that he in particular would be tortured by the Chinese government should he be repatriated. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005). Accordingly, the agency reasonably concluded that Ou failed to establish that he would more likely than not be tortured, either by, or with the acquiescence of, the Chinese government should he return to China.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5